# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0199V
(not to be published)

| | |
|---|---|
| MIRA GOFF, *as administrator of*, ESTATE OF RICHARD GOFF,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: May 17, 2024 |

*Simina Vourlis, Law Offices of Simina Vourlis, Columbus, OH, for Petitioner.*

*Meghan Murphy, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 23, 2022, Mira Goff, as administrator of the Estate of Richard Goff, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). The petition seeks compensation for injuries leading to the death of Richard Goff ("Mr. Goff") allegedly related to his receipt of an influenza ("flu") vaccine on September 17, 2020. Petition at 1. On December 19, 2023, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. ECF No. 38.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed motion for attorney's fees and costs, dated January 16, 2024, (ECF No. 42), requesting an award of $27,403.79 (representing $26,650.80 in fees and $752.99 in costs) for fees and costs incurred by attorney Simina Vourlis and a total of $7,990.38 in fees (ECF No. 45) and costs incurred by attorney Darren Findling, for probate services rendered. Petitioner has filed a signed statement indicating that she incurred out-of-pocket expenses in the amount of $83.98. ECF No. 42-5.

Respondent reacted to the motion on January 24, 2024, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 44. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 42 - 4. Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). **Accordingly, Petitioner is awarded the total amount of $35,478.15 as follows:**

• **A lump sum of $27,403.79, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Simina Vourlis;**

• **A lump sum of $7,990.38, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner and The Daren Findling Law Firm, PLC; and**

• **A lump sum of $83.98, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
